UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRIN S. SHINKLE,

    Plaintiff,

    v.                                        CAUSE NO. 3:21-CV-271-JD-MGG

WEXFORD OF INDIANA, LLC,

    Defendant.

OPINION AND ORDER

Darrin S. Shinkle, a prisoner without a lawyer, filed a motion for a preliminary injunction but has not filed a complaint, paid the filing fee, or filed a motion to proceed in forma pauperis to excuse him from prepaying the filing fee. However, the court has a duty to liberally construe filings by people proceeding without a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, the court will consider whether the allegations in the preliminary injunction motion along with the attached exhibits could state a claim for a relief. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("[A] court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint . . .."). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Shinkle alleges that when he entered the Indiana Department of Correction in the fall of 2020, he tested positive for Hepatitis C but has not received treatment. ECF 1 at 1.

In January 2021, he submitted a healthcare request form complaining of clay-colored stool, loss of appetite, and very dry skin as a result of his Hepatitis C. ECF 1-1 at 2. He was evaluated and a nurse noted that he had lost over thirty pounds in two months, going from 204 pounds on December 11, 2020, to 170 pounds on January 29, 2021. *Id.* He was referred to a medical provider, but the scheduled appointment was cancelled. *Id.* at 1. He continued to complain of weight loss, clay-colored stool, fatigue, impaired vision, nausea, and headaches. *Id.* Shinkle submitted this motion for preliminary injunction in April 2021, naming only Wexford of Indiana, LLC, as a defendant. He demands that Wexford "treat [him] for his chronic Hep C" and seeks $210,500 in damages. ECF 1 at 2.

Shinkle's motion for preliminary injunction must be denied because it is not clear what relief he is seeking. "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (quotation marks and citations omitted). "[A] preliminary injunction . . . should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Here, it is unclear whether he is asking to simply be seen by a medical provider or whether he is asking for his Hepatitis C to be treated with Direct-Acting Antivirals (DAAs). If he is seeking access to DAAs, then he would be better served requesting that

2

relief in the Southern District of Indiana, where a class action settlement has been reached between the Indiana Department of Correction and the class of "[a]ll current and future prisoners in IDOC custody who have been diagnosed, or will be diagnosed, with chronic [Hepatitis C], and for whom treatment with DAA medication is not medically contraindicated." *Stafford v. Carter*, No. 1:17-cv-289-JMS-MJD (S.D. Ind. order of Jan. 2, 2020). The Southern District of Indiana retained jurisdiction to enforce the Stipulated Settlement Agreement, which provides that all class members will receive DAA treatment by July 2, 2023, with those inmates with more advanced stages of the disease being prioritized. *Id.* If, however, Shinkle is seeking another type of injunctive relief, then that claim is properly before this court.

Shinkle's motion includes a claim for money damages against Wexford, the private company that employs the medical staff at the prison. However, the allegations do not state a claim against Wexford under 42 U.S.C. § 1983. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). But § 1983 requires that a defendant be personally involved in the alleged constitutional violation to be held liable. *See Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). It is not enough to merely employ the people who allegedly commit unconstitutional acts; the company itself must have unconstitutional policies or practices. *See J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Here, the attached exhibits show alleged failings by individual employees who have not followed up on

3

scheduling Shinkle an appointment. There is no indication that a Wexford policy or practice contributed to the missing appointments.

Accordingly, Shinkle's motion for preliminary injunction is denied with leave for him to file a complaint on a Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form, available at the prison law library. Additionally, Shinkle must either pay the filing fee or file a motion to proceed in forma pauperis by submitting a Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16), accompanied by his trust fund ledgers for the past six months as required by 28 U.S.C. § 1915(a)(2).

For these reasons, the court:

(1) DENIES the motion for preliminary injunction (ECF 1);

(2) GRANTS Darrin S. Shinkle until **May 26, 2021**, to file a complaint on a **Prisoner Complaint Pro Se 14 (INND Rev. 2/20)** form, along with either the filing fee or a **Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16)** accompanied by his trust fund ledgers for the past six months; and

(3) CAUTIONS Darrin S. Shinkle that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on April 26, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT